```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
```

NAJI FREIJE,

                              Plaintiff,

v.                                             5:11-CV-0685 (GTS/RFT)

HILLARY RODHAM CLINTON, Secretary,
United States Department of State,

                              Defendant.
```
_____
```

APPEARANCES:                                           OF COUNSEL:

NAJI FREIJE
  Plaintiff, *Pro Se*
1620 Scott Street
P.O. Box 64032
Ottawa, ON K1Y 4S0

UNITED STATES DEPARTMENT OF JUSTICE       GISELA A. WESTWATER, ESQ.
  Counsel for Defendant                              Senior Litigation Counsel
Office of Immigration Litigation – Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

GLENN T. SUDDABY, United States District Judge

# **MEMORANDUM-DECISION and ORDER**

        Currently pending before the Court, in this immigration action filed *pro se* by Naji Freije ("Plaintiff") against Secretary of State Hilary Rodham Clinton ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint or, in the alternative, to stay this action pending the resolution of a related case. (Dkt. No. 7.) For the reasons set forth below, Defendant's motion to dismiss is granted; Defendant's motion to stay is denied as moot; and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Plaintiff's Claims**

Plaintiff filed his Complaint in this action on June 20, 2011. (Dkt. No. 1.) Generally, liberally construed, Plaintiff's Complaint alleges that Defendant, through her position as Secretary of the United States, wrongfully denied Plaintiff's application for a passport and certificate of identity. (*Id*.)

More specifically, Plaintiff alleges as follows, in pertinent part. Plaintiff was born in Lebanon on March 17, 1969, to Najibe Fraije. (*Id*. at ¶ 5.) At the time of Plaintiff's birth, Najibe Fraije had been made to believe that she had lost her United States citizenship for failing to meet the United States' physical-presence retention requirement (imposing on her the duty to live in the United States for a certain period of time). (*Id*. at ¶¶ 5, 9 & n.1.) Approximately thirty-five years later, on July 29, 2004, Najibe Fraije's United States citizenship was reinstated pursuant to 8 U.S.C. § 1435(d). (*Id*. at ¶ 6 & n.1.) On October 27, 2005, the United States Department of State released Najibe Fraije's record, which included an Oath of Allegiance stating that "the oath restores U.S. citizenship as of the date of failure to retain." (*Id*. at ¶ 7.)[1] On June 23, 2006, Plaintiff's application for a United States passport was denied in a letter that stated, in pertinent part, that "[t]he restoration of your mother's U.S. citizenship was not retroactive." (*Id*. at ¶ 9.) On February 4, 2009, Plaintiff was denied a Certificate of Identity for the same reason. (*Id*. at ¶¶ 12-14.) Because of these denials, Plaintiff remains outside of the United States. (*Id*. at ¶¶ 13-14.)

---

[1] Najibe Fraije's record was certified by Defendant on October 3, 2006. (Dkt. No. 1, at ¶ 11.)

Based on these factual allegations, Plaintiff's Complaint asserts the following three claims against Defendant: (1) a claim for a writ of habeas corpus, under 28 U.S.C. § 2241, releasing him from the unlawful custody to which he has been subjected through the inability to travel to the United States (due to Defendant's wrongful denial of his application for a passport and a certificate of identity); (2) a claim for a judgment declaring him to be a national of the United States under 8 U.S.C. § 1503(a); and (3) a claim for a Writ of Mandamus compelling Defendant to issue Plaintiff a certificate of identity under 8 U.S.C. § 1503(b). (*Id*. at ¶¶ 15-17.)

Familiarity with these claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

### B.     Parties' Briefing on Defendant's Motion

Generally, Defendant's motion requests dismissal of Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and/or for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 7.) More specifically, Defendant asserts the following three arguments in favor of dismissal: (1) the Court lacks subject-matter jurisdiction over Plaintiff's first claim (i.e., for habeas corpus relief), because (a) even when construed with the utmost of special liberality, Plaintiff's Complaint has not alleged facts plausibly suggesting a physical restraint on his liberty rising to the level of "custody" within the meaning of 28 U.S.C. § 2241, and (b) in any event, 8 U.S.C. § 1503 would provide an appropriate mechanism for litigating any feasible claims to citizenship; (2) even when construed with the utmost of special liberality, Plaintiff's Complaint has not alleged facts plausibly suggesting either his second or third claim (which each arise under 8 U.S.C. § 1503), because (a) the statute that reinstated Najibe Fraije's United States citizenship (8 U.S.C. §

3

1435[d])–expressly stated that "[n]othing in this subsection or any other provision of law shall be construed as conferring United States citizenship retroactively upon such person during any period in which such person was not a citizen," and (b) in any event, even if Najibe Fraije's United States' citizenship was retroactively reinstated, the applicable law for transmitting citizenship to a child born abroad when one parent is a United States citizen is the statute that was in effect at the time of the child's birth, and here that statute (former 8 U.S.C. § 1401[a][7]) would not have conferred citizenship to Plaintiff; and (3) to the extent that Plaintiff's third claim is based on the Mandamus Act, that claim is precluded because the Mandamus Act is available only if, inter alia, there is no other adequate remedy available, and here 8 U.S.C. § 1503(c) provides an other adequate remedy. (Dkt. No. 7, Attach. 2, at 10-14 [attaching pages "5" through "9" of Def.'s Memo. of Law].) In the alternative, Defendant argues that a stay is appropriate because the issue of whether Najibe Fraije was a United States citizens at the time of Plaintiff's birth has been raised in the related case of *Fraije v. Clinton*, 10-CV-0514 (N.D.N.Y). (*Id*. at 14-15 [attaching pages "9" and "10" of Def.'s Memo. of Law].)

Generally, in a response to Defendant's motion, Plaintiff asserts the following three arguments, in pertinent part: (1) when construed with special liberality, Plaintiff's Complaint (a) alleges a conceivable habeas corpus claim against Defendant because keeping him out of the United States and requiring him to access the courts for a remedy is akin to holding him in custody, (b) alleges a conceivable claim for relief under 8 U.S.C. § 1503 because Najibe Fraije's certified Oath of Allegiance expressly states that "the oath restores U.S. citizenship as of the date of failure to retain," and (c) confers subject-matter jurisdiction on this Court because Plaintiff was in a plane over the Northern District of New York when his agent filed his Complaint in this

4

action; (2) even if the Court renders a finding to the contrary, the proper remedy under the circumstances would be for the Court allow Plaintiff to replead; and (3) the Court should deny Defendant's alternative request to stay this action. (Dkt. No. 8, Attach. 1.)

Generally, in reply to Plaintiff's response, Defendant asserts the following six arguments: (1) Plaintiff's argument is erroneously premised on the conceivability pleading standard established by *Conley v. Gibson*, 355 U.S. 41 (1957), rather than the plausibility standard established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); (2) affording Plaintiff leave to amend his Complaint before dismissing his action is not necessary because any such amendment would be futile, based on the non-actionability of the allegations asserted in his opposition to Defendant's motion; (3) as Defendant previously pointed out in her memorandum of law in chief, habeas jurisdiction is inappropriate because (a) Plaintiff is not physically restrained by Government action and (b) 8 U.S.C. § 1503 would provide an appropriate mechanism for litigating any feasible claims to citizenship; (4) as Defendant previously pointed out in her memorandum of law in chief, there is no mandamus jurisdiction given that 8 U.S.C. § 1503 would provide an adequate remedy; (5) as Defendant previously pointed out in her memorandum of law in chief, even if Najibe Fraije's United States' citizenship was retroactively reinstated, in order to obtain derivative citizenship from her, Plaintiff would have to allege (but has failed to allege) that his mother "was physically present in the United States or its outlying possessions for a period or periods totaling not less than then [10] years, at least five [5] of which were after the age of fourteen years," pursuant to 8 U.S.C. § 1401(a)(7) (1979); and (6) Plaintiff's "constructive[]" presence argument fails because (a) it is unsupported by the case law, and (b) at most, the cases would afford Najibe Fraije only five years of constructive presence rather than

5

the ten years of physical presence required. (Dkt. No. 9, at 4-8 [attaching pages "1" through "5" of Def.'s Reply Memo. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### B. Legal Standard Governing Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F.

Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.[2]

---

   [2] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se*

9

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[3] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[4] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28.

## III. ANALYSIS

### A. Plaintiff's First Claim (i.e., for Habeas Corpus Relief Under 28 U.S.C. § 2241)

After carefully considering the matter, the Court agrees with Defendant that the Court lacks subject-matter jurisdiction over Plaintiff's first claim (i.e., for habeas corpus relief), for each of the alternative reasons offered by Defendant in her memorandum of law in chief and reply memorandum of law (referenced above in Part I.B. of this Decision and Order). (Dkt. No. 7, Attach. 2, at 10-11 [attaching pages "5" and "6" of Def.'s Memo. of Law]; Dkt. No. 9, at 4, n.1 [attaching page "1" of Def.'s Reply Memo. of Law].)

The Court would add only two brief points. First, in reaching its threshold conclusion that Plaintiff has not alleged facts plausibly suggesting a physical restraint on his liberty rising to the level of "custody" within the meaning of 28 U.S.C. § 2241, the Court relies not only on the cases cited by Defendant but on the numerous analogous cases holding that, once a habeas petitioner is removed from the United States, he is no longer "in custody" for purposes of 22

---

[3] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[4] *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

U.S.C. § 2241. *See, e.g., Jackson v. Holder*, 12-CV-5190, 2012 WL 4458692, at *1 (S.D.N.Y. Sept. 27, 2012) ("In this case, the petitioner was removed from the United States and is no longer 'in custody.' Therefore, insofar as the petitioner requested to be released from custody, the petition no longer presents a live controversy and is moot.").

Second, with regard to Defendant's alternative argument that habeas corpus jurisdiction is lacking because 8 U.S.C. § 1503 would provide an appropriate mechanism for litigating any feasible claims to citizenship, the Court notes that Plaintiff failed, in his opposition memorandum of law, to specifically oppose that particular argument. (*See generally* Dkt. No. 8, Attach. 1 [Plf.'s Opp'n Memo. of Law].) In this District (as in many districts), when a non-movant fails to oppose a legal argument contained in a defendant's memorandum of law, the defendant's burden with regard to that legal argument has been lightened such that, in order to succeed with regard to that legal argument, he need only show the facial merit of the legal argument.[5] The Court notes that this rule applies even when the non-movant is proceeding *pro se* (which affords such

---

<div style="padding-left:2em">

[5]     *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein...."); *see, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3] ); *cf. Niles v. Nelson*, 72 F. Supp.2d 13, 22 (N.D.N.Y.1999) (McAvoy, C.J.) (holding that when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *Frink Am., Inc. v. Champion Road Machinery, Ltd.*, 48 F. Supp.2d 198, 209 (N.D.N.Y.1999) (McAvoy, C.J.) ("Plaintiff does not address these claims in his opposition papers, leading the Court to conclude that it has abandoned them.") (collecting cases); *see also Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n. 108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

</div>

litigants a certain amount of special solicitude but does not altogether excuse non-compliance with such a rule).⁶ Here, Defendant has, at the very least, met its lightened burden with respect to its alternative argument.

For all of these reasons, Plaintiff's first claim is dismissed.

### B. Plaintiff's Second Claim (i.e., for a Declaratory Judgment Under 8 U.S.C. § 1503[a])

After carefully considering the matter, the Court agrees with Defendant that Plaintiff has failed to state a claim upon which relief can be granted with regard to his second claim (i.e., for a declaratory judgment), for each of the alternative reasons offered by Defendant in her memorandum of law in chief and reply memorandum of law (referenced above in Part I.B. of this Decision and Order). (Dkt. No. 7, Attach. 2, at 12-13 [attaching pages "7" and "8" of Def.'s Memo. of Law]; Dkt. No. 9, at 4-8 [attaching pages "1" through "5" of Def.'s Reply Memo. of Law].)

The Court would add only three brief points. First, the Court's threshold conclusion that (based on Plaintiff's own factual allegations) Najibe Fraije's United States' citizenship was not retroactively reinstated is consistent with the conclusion rendered by the undersigned in *Fraije v. Clinton*, 10-CV-0514, Decision and Order, at 3-4 (N.D.N.Y. filed March 22, 2012) (Suddaby, J.), that "[Najibe's] failure to comply with the applicable [citizenship] retention requirement, to

---

⁶ *See, McChesney v. Bastien,* 10-CV-1409, 2012 WL 4338707, at *3, n.7 (N.D.N.Y. Sept. 20, 2012) (Suddaby, J.) (collecting cases). The Court notes that, even if this rule did not generally apply to non-movants who are proceeding *pro se*, the Court would have real difficulty affording Plaintiff protection from that rule, due to the quality of his motion papers in this action, which are organized, typewritten, and contain citations to dozens of instructive legal authorities in proper *BlueBook* format. Simply stated, the Court suspects that Plaintiff has been aided by an attorney in this action, despite his sworn statement to the contrary. (Dkt. No. 8, Attach. 1, at 10, 13 [attaching pages "6" and "9" of Plf.'s Opp'n Memo. of Law].)

which no exception or defense applies . . . , renders her ineligible for the retroactive citizenship she seeks."

Second, in his response, Plaintiff fails to adequately address Defendant's alternative argument for the dismissal of Plaintiff's second claim: the fact that, even if Najibe Fraije's United States' citizenship was retroactively reinstated, the applicable law for transmitting citizenship to a child born abroad when one parent is a United States citizen is the statute that was in effect at the time of the child's birth, and here that statute (former 8 U.S.C. § 1401[a][7]) would not have conferred citizenship to Plaintiff (based on Plaintiff's own factual allegations). (*See generally* Dkt. No. 8, Attach. 1 [Plf.'s Opp'n Memo. of Law].) As Defendant correctly points out in her reply memorandum of law, Plaintiff's "constructive[]" presence argument fails because (a) it is unsupported by the case law, and (b) at most, the cases would afford Najibe Fraije only five years of constructive presence rather than the ten years of physical presence required.

Third, Plaintiff's argument that 8 U.S.C. § 1503(a) confers subject-matter jurisdiction on this Court because Plaintiff was in a plane over the Northern District of New York when his agent filed his Complaint in this action misses the point. Defendant is not arguing, and the Court is not concluding, that the Court lacks subject-matter jurisdiction over Plaintiff's second claim (brought pursuant to 8 U.S.C. § 1503[a]). Rather, Defendant is arguing, and the Court is concluding, merely that, even when construed with the utmost of special liberality, Plaintiff's Complaint fails to state a claim for relief under 8 U.S.C. § 1503(a), because the Complaint fails to allege facts plausibly suggesting that he was *wrongfully* denied right or privilege as a national of the United States. (*See, e.g.,* Dkt. No. 7, Attach. 2, at 13, 15 [Def.'s Memo. of Law, attaching

pages "8" and "10," relying on only Fed. R. Civ. P. 12[b][6], and not at all on Fed. R. Civ. P. 12[b][1], in requesting the dismissal of Plf.'s second claim]; Dkt. No. 9, at 4, n.1 [attaching page "1" of Def.'s Reply Memo. of Law, expressly pointing out fact in question].)

For all of these reasons, Plaintiff's second claim is dismissed.

### C.  Plaintiff's Third Claim (i.e., for a Writ of Mandamus Under 8 U.S.C. § 1503[b])

After carefully considering the matter, the Court agrees with Defendant that Plaintiff has failed to state a claim upon which relief can be granted with regard to his third claim (i.e., for a Writ of Mandamus), for each of the reasons offered by Defendant in her memorandum of law in chief and reply memorandum of law (referenced above in Part I.B. of this Decision and Order). (Dkt. No. 7, Attach. 2, at 12-14 [attaching pages "7" through "9" of Def.'s Memo. of Law]; Dkt. No. 9, at 4-8 [attaching pages "1" through "5" of Def.'s Reply Memo. of Law].)

The Court would add only two brief points. First, the three points made by the Court above in Part III.B. of this Decision and Order also apply here.

Second, with regard to Defendant's argument that any claim asserted by Plaintiff pursuant to the Mandamus Act is precluded by 8 U.S.C. § 1503(c), the Court notes that Plaintiff failed, in his opposition memorandum of law, to specifically oppose that particular argument. (*See generally* Dkt. No. 8, Attach. 1 [Plf.'s Opp'n Memo. of Law].) The closest that Plaintiff comes to doing so is when he argues that he "has shown that there is no other remedy and he has a conceivable [entitlement] to Mandamus relief." (*Id*. at 10 [attaching page "6" of Plf.'s Opp'n Memo. of Law].) This argument wholly ignores Defendant's argument that the Mandamus Act is available only if, inter alia, there is no other adequate remedy available, and here 8 U.S.C. § 1503(c) provides an other adequate remedy. As a result, for the reason explained above in Part

14

III.A. of this Decision and Order, Plaintiff's failure lightens Defendant's burden with regard to this particular argument. At the very least, Defendant met its lightened burden with respect to this particular argument.[7]

For all of these reasons, Plaintiff's second claim is dismissed.

**D.     The Appropriateness of Dismissal Without Prior Leave to Amend Under the Circumstances**

After carefully considering the matter, the Court agrees with Defendant that no need exists to afford Plaintiff leave to file an Amended Complaint before his Complaint is dismissed, for the reasons offered by Defendant in her reply memorandum of law (referenced above in Part I.B. of this Decision and Order). (Dkt. No. 9, at 4-5 [attaching pages "1" and "2" of Def.'s Reply Memo. of Law].)

The Court would add only three brief points. First, Plaintiff's first claim is being dismissed because, *inter alia*, the Court lacks subject-matter jurisdiction over it. Such a defect is not formal but substantive, rendering unnecessary the extension of an opportunity to amend before dismissal.[8]

---

[7]     The Court notes that the U.S. District Court for the Northern District of Alabama rejected a similar request by Plaintiff under Mandamus Act based on the other-adequate-remedy rationale. *See Freije v. U.S. Dep't of Homeland Sec.*, 06-S-1639, Memorandum Opinion and Order, at 13 (N.D. Ala. filed Apr. 5, 2007) (Smith, J.).

[8]     *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.*, 152 F. Supp.2d 443, 455 (S.D.N.Y. 2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile.").

Second, while Plaintiff's second and third claims are being dismissed for failure to state a claim, the Court finds that any pre-dismissal amendment to those claims would be futile due to (1) the nature and number of the pleading defects in those claims, and (2) the fact that, although he has submitted lengthy and well-drafted papers in opposition to Defendant's motion containing new factual allegations, those factual allegations do not correct the pleading defects in Plaintiff's second and third claims.

Third, the Court has continued to construe Plaintiff's Complaint (and the allegations contained in his opposition papers) with special liberality, despite the fact that it suspects that Plaintiff has been aided by an attorney in this action. *See, supra,* note 6 of this Decision and Order.

For all of these reasons, the Court finds that no need exists to afford Plaintiff leave to file an Amended Complaint before his Complaint is dismissed.

### E. Defendant's Alternative Motion to Stay This Action Pending the Resolution of a Related Case

Defendant's alternative motion to stay is denied as moot, given that (1) it requests a stay only in the event the Court decides not to dismiss Plaintiff's Complaint (and the Court has decided to dismiss that Complaint), and (2) in any event, it requests a stay only until the related case has been resolved (and the related case was resolved on March 22, 2012).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion to stay (Dkt. No. 7) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 27, 2012
Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge